The opinion of the court was delivered by
Spencer, J.
Thomas Ong having a lease of a sugar plantation in> St. Bernard, applied to Chism & Boyd, commission merchants of New Orleans, for advances to enable him to make, gather, and manufacture' his crop for year 1876. Chism & Boyd agreed to advance in money,, goods, and necessary supplies for that purpose to amount of $7700, including interest, commissions, etc. A formal contract was drawn and' signed by the parties, in which Ong granted, in addition to the privilege-existing by law, a special pawn and pledge on the crops, under the pro— *1402 visions of act No. 06 of 1874. This act of pledge was passed April 27, 1876, and duly recorded. On 21st June, 1876, the sheriff under execution in Benton vs. Mahan, seized all the rights of Ong in and to said lease, growing crop, stock, implements, etc. At this time Chism & Boyd had advanced Ong nearly $5000 in money, goods, etc.
Ong enjoined the sale under said writ, and Chism & Boyd continued to advance money, goods, and supplies for carrying on the place.
We find in the record an admission that Chism & Boyd’s “ disbursements made to Thos. Ong, the defendant in execution, for the purpose •of making the crops, did, on the fourth of December, 1876, amount to the sum of..........................................'......$14,082 04
’That Chism & Boyd paid upon the order of the sheriff, expenses incurred in making the crop, the sum of.............. 9,856 23
'That the balance due Chism & Boyd on the rent claim transferred to them by the lessor of Thomas Ong, to whose liens and privileges they were subrogated, amounted to the sum of..................................................... 3,441 55
'That the costs of court amount to......................... 416 55
$27,796 37”
It seems that on twenty-third December, 1876, an order was ren•dered by the court directing and authorizing Chism & Boyd to make «uch advances to the sheriff as would enable him to take off the crop, •and ordering the crop to be shipped to them for sale — proceeds to be held subject to further order of court. It is, as shown above, admitted •that under this order they'advanced $9856 23. The crops were received ;and sold by Chism & Boyd, and realized $20,894 63. The controversy before us is over the distribution of these proceeds.
Under the written admission of the parties above quoted, we see but little room for controversy.
It is admitted that Chism & Boyd up to fourth December advanced for the purpose of making the crop $14,082 04. They had bound themselves to advance up to $7700, and very naturally sought to save thern,-selves by further advances. It is unnecessary for us to decide whether they have a privilege for the excess of their advances over $7700. To that amount they were bound to advance, and to that amount they had beyond doubt a privilege under their contract. The evidence, aside •from said admission, satisfies us that far more than $7700 of their said advances were actually used in making the crop. It matters not under the act of 1874 whether the advances were in money, goods, or provisions. If the money and goods advanced be used in paying laborers who make the crop, they are privileged under the act of 1874, as much iso as provisions consumed by them.
*1403 As regards the disbursements through the sheriff, by order of court, to gather, manufacture, and ship the crops, they are expenses incurred for the preservation of the thing seized.
The claim of the lessor is also a privilege, as are the court costs.
Stating the account therefore on the above basis, we have—
Amount advanced and expended under the contract of pledge $7,700 00
Amount disbursed by sheriff and paid by Chism & Boyd for gathering and making crops............................. 9,856 23
Amount balance due lessor................................ 3,441 55
Amount court costs....................................... 416 55
Making total of....................................... $21,414 33
■due Chism & Boyd.
We have seen that the proceeds of the crops amounted only to $20,894 63, a sum insufficient to pay the preferred claims of Chism & Boyd.
The judgment appealed from so decreed. It is correct, and is affirmed with costs.
Rehearing refused.